IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROBERT F. CALDWELL | § | |
| v. | § | CIVIL ACTION NO. 6:09cv138 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Robert Caldwell, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Caldwell was placed on deferred adjudication for aggravated assault on June 17, 1998, and was adjudicated guilty on April 28, 2000. He received a sentence of 25 years in prison at that time. He has previously sought federal habeas corpus relief concerning this same conviction. *See* Caldwell v. Director, TDCJ-CID, civil action no. 6:02cv443 (E.D.Tex., dismissed with prejudice June 3, 2003, *aff'd* September 27, 2006).

After review of the pleadings, the Magistrate Judge issued a Report recommending that the present petition be dismissed. The Magistrate Judge first noted that Caldwell had failed to obtain permission from the Fifth Circuit Court of Appeals to file a successive petition, as required by 28 U.S.C. §2244(b)(3). Second, the Magistrate Judge said, the Fifth Circuit has imposed sanctions upon Caldwell totaling $300.00 and directed that he may not file any *pro se* civil complaint or appeal unless he submits proof that the sanctions have been satisfied. Caldwell v. Quarterman, slip op. no. 07-40373 (5th Cir., December 11, 2007) (unpublished). Because Caldwell has not

shown that these sanctions have been satisfied, the Magistrate Judge recommended dismissal of the petition on this basis as well.

Caldwell filed objections to the Magistrate Judge's Report on April 9, 2009. In his objections, Caldwell argues that Section 2244(b)(3) does not apply to him because it is not retroactive. However, his conviction and both of his habeas corpus petitions were filed after the law was enacted in 1996, and so retroactivity is not an issue. This contention is without merit.

Second, Caldwell says that the term "second or successive" is not defined in the statute. The meaning of this term is clear from the face of the statute. This contention is without merit.

Third, Caldwell says that Supreme Court caselaw, including <u>Roe v. Flores-Ortega</u>, 528 U.S. 470 (2000) and <u>Smith v. Robbins</u>, 528 U.S. 259 (2000) constitute "new rules of constitutional law" that entitle him to relief. Neither of these cases vitiates Caldwell's obligation to obtain permission before he may file a second or successive habeas corpus petition. If new rules of constitutional law entitling him to relief exist, he may present these to the Fifth Circuit in the course of obtaining such permission. This objection is without merit.

Finally, Caldwell says that his previous habeas corpus petitions challenging disciplinary cases are irrelevant. The Magistrate Judge referred to these cases in explaining why Caldwell has had sanctions imposed upon him, but Caldwell fails to mention these sanctions in his objections. This contention is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this case, together with the Report of the Magistrate Judge and the Petitioner's objections thereto. Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice. Caldwell may refile his petition at such time as he obtains leave from the Fifth Circuit Court of Appeals to file a successive petition, but may not refile his petition absent such permission. At the time that he refiles his petition, after having obtained permission to do so, Caldwell must also show that he has satisfied the sanctions which have been imposed upon him. It is further

ORDERED that the Petitioner Robert Caldwell is hereby DENIED a certificate of appealability *sua sponte*. The denial of the certificate of appealability shall have no effect upon Caldwell's right to seek permission from the Fifth Circuit to file a successive petition, nor upon his right to pursue his claims once such permission has been obtained. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 14th day of April, 2009.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE